# Supreme Court of Florida

_____

No. SC14-914

_____

**IN RE: AMENDMENTS TO FLORIDA RULE OF CIVIL PROCEDURE FOR INVOLUNTARY COMMITMENT OF SEXUALLY VIOLENT PREDATORS 4.470.**

[June 5, 2014]

PER CURIAM.

The Supreme Court's Criminal Court Steering Committee (Committee) has filed a petition to amend Florida Rule of Civil Procedure for Involuntary Commitment of Sexually Violent Predators 4.470 (Post Commitment Proceedings). We have jurisdiction. See art. V, § 2(a), Fla. Const.

The Committee unanimously proposes amendments to rule 4.470 in response to recent amendments to section 394.918, Florida Statutes (2013), made by Chapter 2014-2, § 6, Laws of Florida, and which become effective July 1, 2014. See ch. 2014-2, § 11, Laws of Fla.

Upon consideration, we amend rule 4.470 as proposed by the Committee. Subdivision (d) of the rule is amended in three respects. First, the amendment reflects that respondents have the right to be present at a post-commitment

probable cause hearing.  Second, both the State and the respondent may present evidence at the hearing.  And third, the word "retained" is removed from the rule because section 394.918(3) provides that the respondent has the right to be represented by counsel, which is retained or appointed.  Subdivision (f) is amended to reflect that the State has the right to have the respondent examined by "professionals," and not by "a professional."

Accordingly, Florida Rule of Civil Procedure for Involuntary Commitment of Sexually Violent Predators 4.470 is hereby amended as set forth in the appendix to this opinion.  New language is underscored; deleted language is struck through. The amendments to this rule shall become effective July 1, 2014, at 12:01 a.m. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[1]

---

1.  All comments must be filed with the Court on or before August 4, 2014, with a certificate of service verifying that a copy has been served on the Chair of the Supreme Court's Criminal Court Steering Committee, the Honorable Kevin M. Emas, Third District Court of Appeal, 2001 S.W. 117th Avenue, Miami, Florida 33175, emask@flcourts.org, and on the Office of the State Courts Administrator, Staff to the Committee, Bart Schneider, Office of the General Counsel, 500 S. Duval Street, Tallahassee, Florida 32399-1925, schneiderb@flcourts.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case.  The Committee Chair has until August 25, 2014, to file a response to any comments filed with the Court.  If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Portal in accordance with In re: Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla.

It is so ordered.

POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Civil Procedure

Judge Kevin Emas, Chair, Criminal Court Steering Committee, Miami, Florida, and Bart Schneider, Office of State Court Administrator Staff, Criminal Court Steering Committee, Tallahassee, Florida,

    for Petitioner

---

Admin. Order No. AOSC13-7 (Feb 18, 2013).  If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).  Electronically filed documents must be submitted in Microsoft Word 97 or higher.  Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 S. Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

**RULE 4.470. POST COMMITMENT PROCEEDINGS**

**(a) – (c)**  [No change]

**(d)**  A respondent who receives written notice of the examination, and waives his or her rights to confidentiality of the result, and who petitions the court over the objection of the director of the facility where the respondent is housed, has the right to a hearing limited to determining whether probable cause exists to believe the respondent's condition has so changed, that it is safe for the respondent to be at large, and that the respondent will not engage in acts of sexual violence if discharged. <u>Both the state attorney and the respondent may present evidence.</u> The respondent has the right to be represented by ~~retained~~ counsel ~~but does not have~~ <u>and</u> the right to be present at the hearing.

**(e)**  [No change]

**(f)**  The state attorney shall have the right to have the person examined by ~~a~~ professional<u>s</u> chosen by the state prior to the trial.

**(g)**  [No change]

**(h)**  [No change]

4